UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| TAMARA SEID-GRAHAM, and KEVIN ENTERLINE, <br><br>    Plaintiffs, <br><br> v. <br><br> JONATHAN SEELBINDER, an individual, 12255 LIH, LLC, a North Carolina limited liability company d/b/a SKYLINE VILLAGE INN, PROJECT SKYLINE INCORPORATED, a North Carolina non-profit corporation; LOCAL ICON HOSPITALITY, LLC, a North Carolina limited liability company; and EAST HARGETT ENTERTAINMENT, LLC, a North Carolina limited liability company, <br><br>    Defendants. | **CIVIL ACTION NO. 1:25-cv-00150** |

## PLAINTIFFS' AMENDED COMPLAINT AND JURY DEMAND

TO THE HONORABLE U.S. DISTRICT JUDGE:

Plaintiffs, TAMARA SEID-GRAHAM ("SEID-GRAHAM") and KEVIN ENTERLINE ("ENTERLINE"), (collectively, the "Plaintiffs"), bring this action against Defendants, JONATHAN SEELBINDER, 12255 LIH, LLC d/b/a SKYLINE VILLAGE INN, PROJECT SKYLINE INCORPORATED, LOCAL ICON HOSPITALITY, LLC; and EAST HARGETT, ENTERTAINMENT, LLC (collectively, "the Defendants"), and in support thereof, would respectfully show the Court as follows:

## INTRODUCTION

1. This is an action by Plaintiffs to recover unpaid minimum wage and overtime compensation under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201, *et seq*. Plaintiffs seek damages for unpaid minimum wages, unpaid overtime, liquidated damages, and reasonable attorneys' fees and costs.

## JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

## VENUE

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in this judicial district. Venue is also proper pursuant to 28 U.S.C. § 1391(b)(2) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## PARTIES

4. At all times material hereto, Plaintiff SEID-GRAHAM was a resident of this judicial district and an employee of Defendants within the meaning of the FLSA.

5. At all times material hereto, Plaintiff ENTERLINE was a resident of this judicial district and an employee of Defendants within the meaning of the FLSA.

6. At all times material hereto, 12255 LIH, LLC., maintained and operated a business in this judicial district and was an "enterprise engaged in commerce" within the meaning of the FLSA.

7. At all times material hereto, PROJECT SKYLINE INCORPORATED., maintained and operated a business in this judicial district and was an "enterprise engaged in commerce" within the meaning of the FLSA.

8. At all times material hereto, LOCAL ICON HOSPITALITY, LLC., maintained and operated a business in this judicial district and was an "enterprise engaged in commerce" within the meaning of the FLSA.

9. At all times material hereto, EAST HARGETT ENTERTAINMENT, LLC., maintained and operated a business in this judicial district and was an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all times material hereto, the Defendants conducted business at 12255 Highway, 226A, Spruce Pine, NC 28777.

11. At all times material hereto, Defendants were conducting business in this judicial district.

12. At all times the Defendants operated as single-unified business enterprise, insofar as business operations conducted at 12255 Highway, 226A, Spruce Pine, NC 28777.

13. At all times material hereto, JONATHAN SEELBINDER was a resident of this judicial district and a manager and operator of 12255 LIH, LLC d/b/a SKYLINE VILLAGE INN, PROJECT SKYLINE INCORPORATED, LOCAL ICON HOSPITALITY, LLC; and EAST HARGETT, ENTERTAINMENT, LLC.

14. At all times material hereto, Defendants were the employers of Plaintiffs.

15. At all times material hereto, Defendants were and continue to be employers within the meaning of the FLSA.

16. At all times material hereto, Defendants failed to pay Plaintiffs wages in conformance with the FLSA.

17. Defendants committed willful and unlawful violations of the FLSA and therefore are liable for monetary damages.

18. At all times material hereto, the work performed by Plaintiffs was directly essential to the business performed by Defendants.

19. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

20. At all times pertinent to this Complaint, Defendants regularly owned and operated a business enterprise (Inn) engaged in commerce or in the production of goods for commerce as defined in sections 3(r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).

21. Plaintiffs' work at Defendants' Inn involved handling on a regular and recurrent basis goods or materials, as defined by the FLSA, which were used commercially in Defendants' business and moved in interstate commerce. These materials included office supplies, phones, tools, electronic equipment, paper, bedding supplies, cleaners, and other materials necessary for the operation/cleaning of a hotel/inn. These materials were manufactured outside the State of North Carolina.

22. During the relevant time period described herein, Defendants employed at least two individuals who were engaged in commerce or in the production of goods for commerce or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, as defined in 29 U.S.C. § 203(s)(1)(A)(i).

These materials included office supplies, phones, tools, cleaners, bedding supplies, electronic equipment, paper, and other materials necessary for the operation of a hotel and were manufactured outside the State of North Carolina.

23. Upon information and belief, during the period of Plaintiffs' employment, Defendants' enterprise had an annual gross volume of sales made or business done of not less than five hundred thousand dollars, in accordance with 29 U.S.C. § 203(s)(1)(A)(ii).

24. In addition to the foregoing, Plaintiffs are entitled to the protections of the FLSA, as they were individually covered by that statute. During their employment, they were required to use instrumentalities of interstate commerce (phones, internet broadband) on a regular and recurrent basis with respect to the operations of the Skyline Village Inn in Spruce Pine, North Carolina.

25. Defendants are subject to the jurisdiction of this Court because they engage in substantial activity within this judicial district.

26. Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in this judicial district.

**FACTS**

27. From about February 15, 2024, through February 2025, the Plaintiffs were employed by Defendants as innkeepers, to provide a variety of services related to Defendants' operation of a lodging Inn, including but not limited to innkeeper paperwork, housekeeping, maintenance, front desk work, guest hospitality, cleaning, laundry, checking rooms, performing security patrols, maintenance and repair.

28. For her work, SEID-GRAHAM, Defendants paid her about $480 per week.

29. For his work, ENTERLINE, Defendants paid him about $480 per week.

30. On several regular and customary paydays, the wage payment checks written to Plaintiffs for their work at Skyline Village Inn had "bounced," as a result of insufficient bank funds in Defendant(s) bank account(s).

31. The Plaintiffs' wages were not paid timely in certain workweeks.

32. SEID-GRAHAM worked about 13.5 hours per day x 7 days per week during her employment with Defendants. She would commence work early in the morning and work throughout the day and night because the Inn was open 24/7 and had ongoing guest-hospitality issues.

33. ENTERLINE worked about 13.5 hours per day x 7 days per week during his employment with Defendants. He would commence work early in the morning and work throughout the day and night because the Inn was open 24/7 and had ongoing guest-hospitality issues.

34. Defendants failed to keep records of Plaintiffs' hours and wages worked in accordance with the FLSA's recordkeeping requirements.

35. During their employment, the Plaintiffs resided at the Skyline Village Inn where Defendants authorized them to live free-of-charge.

36. During Plaintiffs' employment, Defendants failed to pay them at or above the applicable minimum wage for hours worked.

37. Even though Plaintiffs worked in excess of 40 hours per week at Defendants' Inn, Defendants also failed to pay them for those hours at the rate of one and one-half times the applicable minimum wage.

38. Defendant JONATHAN SEELBINDER was a supervisor and manager of 12255 LIH, LLC d/b/a SKYLINE VILLAGE INN, PROJECT SKYLINE INCORPORATED, LOCAL

ICON HOSPITALITY, LLC; and EAST HARGETT, ENTERTAINMENT, LLC. He actively ran the businesses; acted directly or indirectly in the interest of those entities in relation to Plaintiffs' employment; was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiffs; and/or was substantially in control of the terms and conditions of Plaintiffs' work.

39. Defendant JONATHAN SEELBINDER had the ability to hire and fire employees, supervised or controlled employees' work schedules and conditions of employment, and/or determined the rate and method of payment of wages to employees.

40. Defendant JONATHAN SEELBINDER was Plaintiffs' employer as defined by 29 U.S.C. § 203(d). Therefore, he is individually liable for the FLSA violations.

41. Plaintiffs have retained undersigned counsel to represent them in this litigation and have agreed to pay the firms a reasonable fee for their services.

## **VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)**

42. Plaintiffs incorporate by reference Paragraphs 1 through 42, above.

43. Plaintiffs' employment with Defendants was to consist of a normal workweek for which they were to be compensated at or above the FLSA minimum wage.

44. 29 U.S.C. § 206 requires that any employee covered by the FLSA be paid their minimum wages.

45. During Plaintiffs' employment, Defendants paid them less than the statutory minimum wage for all their work hours.

46. As a result of Defendants' unlawful conduct, Plaintiffs are entitled to actual and compensatory damages, including the amount of minimum wages that went unpaid.

Page **7** of **10**
Case 1:25-cv-00150-MR-WCM    Document 2    Filed 05/27/25    Page 7 of 10

47. Defendants failed to act reasonably to comply with the FLSA, and as such, Plaintiffs are entitled to an award of liquidated damages in an equal amount as the amount of unpaid wages deemed to be owed.

48. Plaintiffs are also entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees, and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

## **VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)**

49. Plaintiffs incorporate by reference Paragraphs 1 through 42, above.

50. Since Plaintiffs' date of hire with Defendants, in addition to their normal regular work week, Plaintiffs worked hours in excess of 40 per week for which they were not compensated at the statutory rate of time and one-half.

51. Plaintiffs were entitled to be paid at the rate of time and one-half for hours worked in excess of 40 per week.

52. Defendants failed to pay Plaintiffs overtime compensation in the lawful amount for hours worked in excess of 40 per week.

53. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the statutory rate of time and one-half for hours worked in excess of 40 per week when they knew or should have known such was due. Defendants also failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

54. As a result of Defendants' unlawful conduct, Plaintiffs are entitled to actual and compensatory damages, including the amount of overtime wages that should have been paid but were not paid.

55. Defendants failed to act reasonably to comply with the FLSA, and as such, Plaintiffs are entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime wages deemed to be owed.

56. Plaintiffs are also entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees, and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

## **REQUEST FOR RELIEF**

For these reasons, Plaintiffs demand judgment, jointly and severally, against Defendants as follows:

a. Unpaid minimum wages found to be due and owing;

b. An additional amount equal to the amount of minimum wages found to be due and owing as liquidated damages;

c. Unpaid overtime wages found to be due and owing;

d. An additional amount equal to the amount of overtime wages found to be due and owing as liquidated damages;

e. Recoupment and disgorgement of any amounts the Plaintiffs were required to pay the Defendants as part of the Plaintiffs' employment which, ultimately, caused the Plaintiffs to be paid at a rate less than the minimum wage and/or below the applicable overtime premium rate;

f. Prejudgment interest in the event liquidated damages are not awarded;

g. Reasonable attorneys' fees, costs, expert fees, mediator fees, and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. §216(b) and Rule 54(d) of the Federal Rules of Civil Procedure;

    h.       Post-judgment interest; and

    i.       All other just relief.

## JURY DEMAND

Plaintiffs demand a jury trial on all issues so triable.

Respectfully submitted, this 27th day of May 2025.

**THE NOBLE LAW FIRM, PLLC.,**

*/s/ Laura Noble*

Laura L. Noble, Esq.
(N.C. Bar No. 38691)
700 Spring Forest Road, Suite 205
Raleigh, NC 27609
Telephone: (919) 251-6008
Fax: (919) 869-2079
Email: lnoble@thenoblelaw.com
*Attorneys for Plaintiff*

**BOBER & BOBER, P.A.,**

*/s/ Peter Bober*

Peter Bober, Esq.
Bober & Bober, P.A.
2699 Stirling Road, Suite A-304
Hollywood, FL 33312
Phone: (954) 922-2298
Fax: (954) 922-5455
Email: peter@boberlaw.com
*Attorneys for Plaintiff (Pro Hac Anticipated)*