UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Action No.: 1:25cv00150-MR-WCM

| | |
|---|---|
| TAMARA SEID-GRAHAM and KEVIN ENTERLINE, <br><br> Plaintiffs, <br><br> v. <br><br> JONATHAN SEELBINDER, 12255 LIH, LLC, d/b/a SKYLINE VILLAGE INN, PROJECT SKYLINE INCORPORATED, LOCAL ICON HOSPITALITY, LLC and EAST HARGETT ENTERTAINMENT, LLC, <br><br> Defendants. | **DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT AND COUNTERCLAIMS** |

NOW COME, Defendants, Jonathan Seelbinder, 12255 LIH, LLC, d/b/a Skyline Village Inn, Project Skyline Incorporated, Local Icon Hospitality, LLC and East Hargett Entertainment, LLC (hereinafter "Defendants"), by and through the undersigned counsel, and responds to Plaintiffs' Amended Complaint as follows:

**12(b)(6) Motion to Dismiss – Failure to State a Claim**

Defendant moves to dismiss Plaintiffs' Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure in that the Amended Complaint fails to state a claim upon which relief can be granted because Plaintiffs were not

employees of Defendants, Jonathan Seelbinder, Project Skyline Incorporated, Local Icon Hospitality, LLC and East Hargett Entertainment, LLC.

## FIRST DEFENSE
## DEFENSES AND AFFIRMATIVE DEFENSES

1. Defendant moves to dismiss Plaintiffs' Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure in that the Amended Complaint fails to state a claim upon which relief can be granted because Plaintiffs were not employees of Defendants, Jonathan Seelbinder, Project Skyline Incorporated, Local Icon Hospitality, LLC and East Hargett Entertainment, LLC.

2. Plaintiffs' claims are barred by the parol evidence rule.

3. Plaintiffs' claims are barred by the doctrine of unclean hands.

4. Plaintiffs failed to mitigate damages.

## GENERAL DENIAL

Defendants deny each and every allegation of Plaintiff's Complaint, except as expressly admitted below in this Answer.

## RESERVATION AND NON-WAIVER

Defendants reserve the right to assert all other defenses available to them under law at the time of trial and reserve the right to amend this Answer to include additional defenses that discovery may reveal to be appropriate.

2

## SECOND DEFENSE AND FURTHER ANSWER

Defendants hereby respond, pursuant to the Federal Rules of Civil Procedure, to the specific numbered allegations set forth in Plaintiffs' Amended Complaint.

## INTRODUCTION

1. Paragraph 1 of the Amended Complaint asserts legal conclusions to which no response is required. To the extent that factual assertions are contained in paragraph 1 of the Amended Complaint, they are denied. It is expressly denied that the Defendants violated the FLSA.

## JURISDICTION

2. Paragraph 2 of the Amended Complaint asserts legal conclusions to which no response is required. To the extent that factual assertions are contained in paragraph 2 of the Amended Complaint, they are denied.

## VENUE

3. Paragraph 3 of the Amended Complaint asserts legal conclusions to which no response is required. To the extent that factual assertions are contained in paragraph 3 of the Amended Complaint, they are denied.

## PARTIES

4. It is admitted, upon information and belief, that at one time Plaintiff Seid-Graham was a citizen and resident of North Carolina. Except as admitted

herein, the allegations contained in paragraph 4 of the Amended Complaint are denied.

5.      It is admitted, upon information and belief, that at one time Plaintiff Enterline was a citizen and resident of North Carolina. Except as admitted herein, the allegations contained in paragraph 5 of the Amended Complaint are denied.

6.      It is admitted that 12255 LIH, LLC operated the Skyline Village Inn. Except as herein admitted, the allegations contained in paragraph 6 of the Amended Complaint are denied.

7.      The allegations contained in paragraph 7 of the Amended Complaint are denied.

8.      The allegations contained in paragraph 8 of the Amended Complaint are denied.

9.      The allegations contained in paragraph 9 of the Amended Complaint are denied.

10.      The allegations contained in paragraph 10 of the Amended Complaint are denied.

11.      The allegations contained in paragraph 11 of the Amended Complaint are denied.

12.      The allegations contained in paragraph 12 of the Amended Complaint are denied.

13. It is admitted that Jonathan Seelbinder was a citizen and resident of North Carolina. Except as herein admitted, allegations of paragraph 13 of the Amended Complaint are denied.

14. The allegations contained in paragraph 14 of the Amended Complaint are denied.

15. The allegations contained in paragraph 15 of the Amended Complaint are denied.

16. The allegations contained in paragraph 16 of the Amended Complaint are denied.

17. The allegations contained in paragraph 17 of the Amended Complaint are denied.

18. The allegations contained in paragraph 18 of the Amended Complaint are denied.

19. Paragraph 19 of the Amended Complaint asserts legal conclusions to which no response is required. To the extent that factual assertions are contained in paragraph 19 of the Amended Complaint, they are denied.

20. The allegations contained in paragraph 20 of the Amended Complaint are denied.

21. The allegations contained in paragraph 21 of the Amended Complaint are denied.

22.     The allegations contained in paragraph 22 of the Amended Complaint are denied.

23.     The allegations contained in paragraph 23 of the Amended Complaint are denied.

24.     Paragraph 24 of the Amended Complaint asserts legal conclusions to which no response is required.  To the extent that factual assertions are contained in paragraph 24 of the Amended Complaint, they are denied.

25.     The allegations contained in paragraph 25 of the Amended Complaint are denied.

26.     The allegations contained in paragraph 26 of the Amended Complaint are denied.

## FACTS

27.     It is admitted that plaintiffs were employed by 12255 LIH, LLC. Except as herein admitted, the allegations of paragraph 27 are denied.

28.     The allegations contained in paragraph 28 of the Amended Complaint are denied.

29.     The allegations contained in paragraph 29 of the Amended Complaint are denied.

30.     The allegations contained in paragraph 30 of the Amended Complaint are denied.

6

31.     The allegations contained in paragraph 31 of the Amended Complaint are denied.

32.     The allegations contained in paragraph 32 of the Amended Complaint are denied.

33.     The allegations contained in paragraph 33 of the Amended Complaint are denied.

34.     The allegations contained in paragraph 34 of the Amended Complaint are denied.

35.     It is admitted that the plaintiffs lived at the Skyline Village Inn while employed by 12255 LIH, LLC.  Except as herein admitted, the allegations of paragraph 35 are denied.

36.     The allegations contained in paragraph 36 of the Amended Complaint are denied.

37.     The allegations contained in paragraph 37 of the Amended Complaint are denied.

38.     It is admitted that Jonathan Seelbinder owns 12255 LIH, LLC.  Except as herein admitted, the allegations of paragraph 38 are denied.

39.     The allegations contained in paragraph 39 of the Amended Complaint are denied.

40.     The allegations contained in paragraph 40 of the Amended Complaint are denied.

41.     Defendant is without sufficient knowledge so as to form a belief as to the allegations asserted within paragraph 41 of the Complaint, and the same are, therefore, denied.

**VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)**

42.     Defendants repeat and incorporate herein by reference their responses to paragraphs 1 through 41 of the Complaint, the same as if fully set forth herein.

43.     The allegations contained in paragraph 43 of the Amended Complaint are denied.

44.     Paragraph 44 of the Amended Complaint asserts legal conclusions to which no response is required.  To the extent that factual assertions are contained in paragraph 44 of the Amended Complaint, they are denied.

45.     The allegations contained in paragraph 45 of the Amended Complaint are denied.

46.     The allegations contained in paragraph 46 of the Amended Complaint are denied.

47.     The allegations contained in paragraph 47 of the Amended Complaint are denied.

48.     The allegations contained in paragraph 48 of the Amended Complaint are denied.

## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

49.     Defendants repeat and incorporate herein by reference their responses to paragraphs 1 through 48 of the Complaint, the same as if fully set forth herein.

50.     The allegations contained in paragraph 50 of the Amended Complaint are denied.

51.     The allegations contained in paragraph 51 of the Amended Complaint are denied.

52.     The allegations contained in paragraph 52 of the Amended Complaint are denied.

53.     The allegations contained in paragraph 53 of the Amended Complaint are denied.

54.     The allegations contained in paragraph 54 of the Amended Complaint are denied.

55.     The allegations contained in paragraph 55 of the Amended Complaint are denied.

56.     The allegations contained in paragraph 56 of the Amended Complaint are denied.

9

WHEREFORE, Defendants, having responded to the Amended Complaint of the Plaintiffs respectfully pray the Court as follows:

1.     That Plaintiffs have and recover nothing of Defendants and that the Amended Complaint be dismissed with prejudice;

2.     That the costs of the action, including Defendants' attorney's fees, be taxed to Plaintiffs; and

3.     For such other and further relief as the Court deems just and proper.

## COUNTERCLAIMS

1.     Counterclaim Plaintiff, 12255 LIH, LLC, d/b/a Skyline Village Inn ("Counterclaim Plaintiff"), is a limited liability company organized and existing under the laws of the State of North Carolina with its primary business located at 12255 NC-226A, Spruce Pine, NC 28777.

2.     Defendant, Jonathan Seelbinder ("Mr. Seelbinder") is the sole Member and Manager of Counterclaim Plaintiff.

3.     Upon information and belief, Counterclaim Defendant, Tamara Seid-Graham ("Counterclaim Defendant Seid-Graham"), was a resident of North Carolina at all times relevant to this Counterclaim.

4.     Upon information and belief, Counterclaim Defendant, Kevin Enterline ("Counterclaim Defendant Enterline"), was a resident of North Carolina at all times

relevant to this Counterclaim. (Counterclaim Defendant Seid-Graham and Enterline collectively referred to as "Counterclaim Defendants").

5.      Counterclaim Defendants were employed by Counterclaim Plaintiff from approximately January of 2024 to January of 2025.

6.      Counterclaim Plaintiff owns and operates an inn known as the Skyline Village Inn in Spruce Pine, North Carolina (hereinafter the "Inn").

7.      The Inn is Counterclaim Plaintiff's only operation.

8.      The Inn is a lodge with 17 bedrooms.

9.      When Counterclaim Plaintiff purchased the Inn, it was owned and being entirely run and managed by a married couple who were in their 70's (the "Prior Owners").

10.      The Prior Owners represented to Mr. Seelbinder that they managed the entire Inn operation by themselves which included, but was not limited to, management of the Inn, reservations, check-ins, check-outs, customer service, bookkeeping, maintenance and repair of the Inn's building and grounds, cleaning, laundry, motorcycle rentals, and cooking breakfast and dinner for the guests.

11.      In January 2024, Counterclaim Plaintiff hired Counterclaim Defendants to be co-general managers/head innkeepers of the Inn.

12.      According to their "Offer Letter of Employment" (hereinafter referred to as the "Contract") Counterclaim Defendants were to be paid on a salary basis of

11

$950/week or $50,000/year, "split between the two of you as you are being hired as a team." (Offer Letter of Employment attached hereto as **Exhibit A**).

13.     Counterclaim Defendants were to be paid on a weekly basis.

14.     Further, Counterclaim Defendants' compensation included on-site living accommodations at the Inn, which included utilities, valued at approximately $27,000 a year. (**Exhibit A**).

15.     Finally, as part of their compensation, Counterclaim Plaintiff would cover 50% or $250 (per person), whichever was less, of Counterclaim Defendants' personal health insurance. (**Exhibit A**).

16.     Counterclaim Defendants' on-site living accommodations at the Inn was a three-bedroom, two-bathroom apartment (the "Apartment").

17.     Counterclaim Defendants' job duties were similar to those of the Prior Owners, except Counterclaim Defendants did not rent motorcycles or cook dinner for guests.

18.     For a short period of time, Counterclaim Defendants did cook breakfast and do laundry service, but the laundry service was eventually outsourced and Counterclaim Defendants quit cooking breakfast.

19.     In other words, Counterclaim Defendants' job duties were expected to be significantly less than those taken on and completed by the Prior Owners.

12

20. Prior to Hurricane Helene, Counterclaim Defendants had 4-5 staff members to assist them.

21. Two staff members resided at the Inn full time, and 2-3 staff members were part-time, hourly workers upon whom Counterclaim Defendants could call to work at Counterclaim Defendants' discretion.

22. These additional staff members were supervised by Counterclaim Defendants and further reduced the demands of Counterclaim Defendants' job.

23. During Counterclaim Defendants' employment, the occupancy rate at the Inn was, on average, approximately 41.4%. (the Inn's occupancy summary for the months of January 2024 through January 2025 is attached as **Exhibit B**).

24. For eight of the approximately 13 months Counterclaim Defendants were employed, the occupancy of the Inn was lower than 52%. (**Exhibit B**).

25. The Inn's occupancy rate only broke 70% in two out of the 13 months of Counterclaim Defendants' employment, with the highest month being 74.4%. (**Exhibit B**).

26. Hurricane Helene occurred on or about September 27, 2024, and devastated Western North Carolina.

27. The Inn and surrounding community experienced significant damage.

28.     After Hurricane Helene, Counterclaim Defendants would sometimes stay in the Apartment without anyone witnessing them coming out for 4-5 days at a time.

29.     After Hurricane Helene, a significant portion of the Inn's occupancy included contractors and volunteers who stayed at the Inn while providing relief efforts to the local community.

30.     These contractors and volunteers were long-term tenants, mostly did their own cleaning, reduced the work involved with reservations, booking, and room turnover, and otherwise demanded very little in the way of assistance from Counterclaim Defendants and Inn staff.

31.     After Hurricane Helene not only were Counterclaim Defendants working very little, they also began exhibiting bizarre behavior and interfering with the guests at the Inn.

32.     During this time, Duke Energy and Summit Engineering were some of the Inn's most significant clients.

33.     Duke Energy and Summit Engineering would house employees and contractors at the Inn for weeks at a time.

34.     Duke Energy and Summit Engineering stopped housing employees and contractors at the Inn because of complaints about Counterclaim Defendants' bizarre behavior.

35.     On or about January 29, 2025, Counterclaim Plaintiff terminated Counterclaim Defendants from their employment at the Inn due to performance issues and misconduct.

36.     These performance issues and misconduct included, without limitation, bizarre conduct that was potentially unlawful and/or violated health and other codes, and  Counterclaim Defendants' repeated failures to fulfil their duties regarding guest relations, property management, cleaning, laundry management, repairs, and other tasks required for the successful operation of the Inn.

37.     Counterclaim Defendants' residence in the Apartment was contingent on their employment at the Inn, they were asked to vacate the Apartment upon termination.

38.     Counterclaim Defendants failed and refused to vacate the Apartment and eviction proceedings ensued.

39.     The District Court in McDowell County, North Carolina issued an Order for Summary Ejectment ordering Counterclaim Defendants to vacate the Apartment. (Summary Ejectment Order, **Exhibit C**).

40.     Counterclaim Defendants finally vacated the Apartment on or around April 14, 2025.

41.     While unlawfully occupying and failing to pay rent, and/or upon vacating the Apartment, Counterclaim Defendants caused significant property damage including damage to: flooring, windows, and walls.

42.     Prior to Counterclaim Defendants' occupancy, the Apartment had been furnished, and upon Counterclaim Defendants' vacating the Apartment, Counterclaim Plaintiff had to discard most of the furniture that was in the Apartment due to damage from Counterclaim Defendants and their multiple pets.

43.     Counterclaim Plaintiff had to discard couches, mattresses, a table, nightstands, a desk, accent chairs, rugs, blinds, curtains, and even the refrigerator.

44.     Counterclaim Defendants left drug paraphernalia in the Apartment.

45.     Counterclaim Defendants' animals damaged the flooring in the Apartment so badly that Counterclaim Plaintiff has had to rip up the flooring and even the subfloor to repair it.

46.     Counterclaim Defendants deleted valuable information off the Inn's business iPhone and iPad – including over three years' worth of data, approximately 600 pictures and 36,000 texts.

47.     Counterclaim Defendants tampered with the Inn's business accounts by deleting room photos from the reservation software so that on online booking websites only photos of the Inn's bathrooms were visible to guests attempting to book a stay at the Inn.

## Breach of Implied Lease

48.     The allegations contained in paragraphs above are realleged and incorporated herein as if fully set forth.

49.     Counterclaim Defendants had an implied lease to stay in the Apartment during their employment at the Inn.

50.     Counterclaim Defendants breached this implied lease by refusing to vacate the Apartment upon their termination from employment.

51.     Upon their termination, Counterclaim Defendants became holdover tenants and were required to pay fair market value rent for their tenancy in the Apartment.

52.     Counterclaim Defendants did not pay any rent to Counterclaim Plaintiff.

53.     Summary ejectment proceedings to remove Counterclaim Defendants from the Apartment had to be initiated in McDowell County, North Carolina District Court.

54.     The District Court of McDowell County issued an Order for Summary Ejectment of Counterclaim Defendants.

55.     Counterclaim Plaintiff is entitled to fair market value rent totaling $3,700.00 from Counterclaim Defendants for their holdover tenancy in the Apartment.

## Breach of Contract

56.     The allegations contained in paragraphs above are realleged and incorporated herein as if fully set forth.

57.     At all relevant times, the Contract was a valid contract that existed between Counterclaim Plaintiff and Counterclaim Defendants.

58.     The Contract required that Counterclaim Defendants perform the duties associated with being a general manager and head innkeeper of the Inn and properly schedule employees to ensure all work was done.

59.     The Contract prohibited the use of illicit drugs.

60.     The Contract required that Counterclaim Plaintiff pay Counterclaim Defendants a salary of $950 per week, provide onsite living accommodations in the Apartment, and provide medical insurance of up to 50% or $250 per person.

61.     Counterclaim Plaintiff has fully performed all obligations required of it under the Contract.

62.     Counterclaim Defendants neglected to fully perform their duties and obligations under the Contract.

63.     By their failure to perform, Counterclaim Defendants breached the Contract.

64.     In addition to the factual allegations provided above, Counterclaim Defendants' breaches included:

a. Failure to fulfill their duties regarding guest relations, property management, cleaning, laundry management, repairs, and other tasks required for the successful operation of the Inn;

b. Interference with guests' quiet enjoyment at the Inn;

c. Bizarre behavior exhibited towards guests which caused guests to terminate their stays at the Inn early;

d. Refusal to vacate the Apartment upon termination; and

e. By leaving drug paraphernalia in the Apartment.

65. As a direct and proximate result of Counterclaim Defendants' breach of the Contract, Counterclaim Plaintiff is entitled to recover damages in excess of $25,000.00.

## Breach of Contract – Loss of Profits

66. The allegations contained in paragraphs above are realleged and incorporated herein as if fully set forth.

67. As a result of Counterclaim Defendants' breach of the Contract in their failure to perform their duties as head Innkeepers, Counterclaim Plaintiff suffered a loss in profits.

68. The lost profits included:

a. Duke Energy ending the stay of its employees at the Inn early because of Counterclaim Defendants' bizarre behavior;

19

b. Summit Engineering ending the stay of its employees at the Inn early because of Counterclaim Defendants' bizarre behavior;

c. Multiple guests only paying a discounted rate because Counterclaim Defendants failed to properly plan for and prevent the pipes freezing and then did not fix the issue of there being no water at the Inn for guests; and

d. Approximately four rooms had to be used for additional staff to run the Inn after Counterclaim Defendants left.

69.    At the time of the making of the Contract, Counterclaim Defendants understood that if they did not perform their duties that Counterclaim Plaintiff could lose profits.

70.    As a direct and proximate result of Counterclaim Defendants' breach of the Contract, Counterclaim Plaintiff was damaged in an amount in excess of $75,000.00.

### Negligence – Damage to Real Property

71.    The allegations contained in paragraphs above are realleged and incorporated herein as if fully set forth.

72.    Counterclaim Defendants owed a duty of reasonable care not to damage the real property of the Inn.

73.     Counterclaim Defendants breached their duty of care by damaging the real property associated with the Inn, as more fully described above, when Counterclaim Defendants vacated the Apartment.

74.     As a direct and proximate result of Counterclaim Defendants' negligent behavior in damaging the Inn's real property, Counterclaim Plaintiff has been damaged.

75.     Counterclaim Defendants breached their duty of care by damaging the Apartment.

76.     As a direct and proximate result of Counterclaim Defendants' negligent behavior in damaging the Apartment, Counterclaim Plaintiff has been damaged in that Counterclaim Plaintiff had to repair the Apartment and for the loss of use of the Apartment during the time the Apartment was being repaired.

77.     As a direct and proximate result of the negligence of Counterclaim Defendants, Counterclaim Plaintiff has been damaged in an amount in excess of $25,000.00.

## Negligence – Damage to Personal Property

78.     The allegations contained in paragraphs above are realleged and incorporated herein as if fully set forth.

79.     Counterclaim Defendants owed a duty of reasonable care not to damage the personal property located in the Inn.

21

80.     Counterclaim Defendants breached their duty of care by damaging the personal property of the Inn, as more fully described above, when Counterclaim Defendants vacated the Apartment.

81.     Counterclaim Defendants breached their duty of care, as already described herein, by deleting valuable information off the Inn's computer and phone systems – including over three years' worth of data, approximately 600 pictures and 36,000 texts.

82.     As a direct and proximate result of Counterclaim Defendants' negligent behavior in damaging the Inn's personal property, Counterclaim Plaintiff has been damaged.

83.     As a direct and proximate result of the negligence of Counterclaim Defendants, Counterclaim Plaintiff has been damaged in an amount in excess of $25,000.00.

WHEREFORE, Defendants and Counterclaim Plaintiff pray the Court:

1.     That Plaintiffs/Counterclaim Defendants have and recover nothing from Defendants nor Counterclaim Plaintiff;

2.     That Counterclaim Plaintiff have and recover of and from Counterclaim Defendants damages in an amount in excess of $75,000.00;

3.     That Counterclaim Plaintiff be awarded attorney's fees, court costs, prejudgment interest, and post judgment interest as allowed by law;

4.     For such other relief as the Court deems just and proper.

This the 8th day of September 2025.

**VAN WINKLE, BUCK, WALL,**
**STARNES AND DAVIS, P.A.**

*s/ Stephen B. Williamson*
Stephen B. Williamson, NC Bar #20203
11 North Market Street
Asheville, NC 28801
Telephone: (828) 258-2991
Facsimile: (828) 255-0255
Email: swilliamson@vwlawfirm.com
*Attorneys for Defendants and Counterclaim*
*Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of September 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record that have made an appearance in this case.

*s/ Stephen B. Williamson*
Stephen B. Williamson

23